# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD WAYNE MOORE,

    Plaintiff,

v.

HUGH ROY MARSHAL,

    Defendants.

3:17-cv-00141-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Ronald W. Moore's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed with prejudice.

### I.    *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the financial information in the record, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

### II.    LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against Hugh Roy Marshal, the State of Nevada, and Hercules Dynamite Co.. (ECF No. 1-1 at 1.) Plaintiff's complaint is rambling, nonsensical, and filled with incomplete sentences. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550

U.S. at 555 (quotation and alteration omitted). It must also include "a demand for the relief sought...." Fed. R. Civ. P. 8(a)(3). Here, plaintiff's largely incomprehensible narrative makes it nearly impossible for the court to identify the factual or legal basis for his claims or the nature of his requested relief.

Plaintiff states no claim upon which relief may be granted, and given the vague nature of the allegations, amendment would be futile. *See Cato*, 70 F.3d at 1106. Therefore, it is recommended that the action be dismissed with prejudice.

## IV. CONCLUSION

Consistent with the foregoing, the court finds that dismissal is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

DATED: May 31, 2017

UNITED STATES MAGISTRATE JUDGE

3